**CASE NO. 22-20228**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

PALOMA RESOURCES, L.L.C and PALOMA OPERATING COMPANY, INC.

*Plaintiffs-Appellants*

v.

AXIS INSURANCE COMPANY

*Defendant-Appellee*

---

On Appeal from the United States District Court
for the Southern District of Texas
Case No. 4:18-CV-00247

---

**APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO POSTPONE
ORAL ARGUMENT**

---

Ben C Broocks
**BROOCKS LAW FIRM, PLLC**
State Bar No. 03058800
Federal Bar No. 94507
248 Addie Roy Rd., Suite B301
Austin, Texas 78746
(512) 201-2000 (Telephone)
(512) 201-2032 (Facsimile)
bbroocks@broockslawfirm.com

## INTRODUCTION

This case was removed to federal court from the 133rd Judicial District of Harris County, Texas on January 26, 2018. ROA.19. That is five years. During that entire time, Ms. Janet Tolbert has represented AXIS as lead counsel of record. On January 24, 2023, the Court calendared oral arguments on March 6, 2023. [Dkt.73]. Now, AXIS has filed its Motion to Postpone Oral Arguments (the "Motion") not because lead counsel is unavailable, but because they want their young associate to make the argument and he is unavailable. [Dkt.75]. Paloma opposes the Motion, and this is Paloma's response. FED. R. APP. P. 27(a)(3)(A).

## ARGUMENTS & AUTHORITIES

Fifth Circuit Rule 34.6 provides:

> **Continuing of Hearing.** *After a case has been set for hearing, <u>the parties or counsel may not stipulate to delay the hearing</u>. Only the court may delay argument <u>for good cause shown</u>. Engagement of counsel in other courts ordinarily is not considered good cause.* (emphasis added).

Under Rule 34.6, it is immaterial whether Paloma agrees with AXIS's request to postpone the March 6, 2023 setting; only the Court may delay arguments. And AXIS has failed to demonstrate good cause. AXIS's lead counsel is available. AXIS wants its associate to make the argument and he is getting married. That is not good cause.

Furthermore, Paloma pointed out to AXIS that Paloma's counsel has two trial settings in Alameda County, California[1] in the early summer of 2023 and a significant amount of out-of-town pre-trial work will be required in California in April and May 2023 leading up to the June and July trials. AXIS concludes its Motion by requesting this Court "postpone the hearing on oral argument to the May, 2023 docket, or to a time thereafter the Court determines appropriate." Thus, a postponement for Mr. Delabar's pending nuptials will surely result in a rescheduling at a time that will severely prejudice Paloma and result in further delays for Paloma to present its case to this Court. This leads to the final point.

This case was removed five years ago. While Paloma applauds providing young attorneys opportunities to practice before courts, particularly this Court, this sentiment is not carte blanche to prejudice other parties. Paloma has waited for resolution of its case by this Court, Paloma is ready to proceed on March 6th and AXIS's lead counsel appears to likewise be available at this time. Further postponing oral arguments for an extended period of time so that Mr. Delabar can appear before this Court is not the good cause that AXIS is required to show before a Court may postpone oral arguments. AXIS's lead counsel should conduct the argument.

---

[1] Case No. RG19001604 *Joshua Chodniewicz, et al. v. Art.com, Inc., et al.*, in the Superior Court of Alameda County, California.

<u>**CONCLUSION**</u>

For the reasons provided herein, Paloma asks this Court to deny AXIS's Motion to Postpone Oral Arguments.

Dated: January 25, 2023                    Respectfully submitted,

By: <u>/s/ *Ben C Broocks*</u>
Ben C Broocks
State Bar No. 03058800
**BROOCKS LAW FIRM, PLLC**
248 Addie Roy Rd., Suite B301
Austin, Texas 78746
(512) 201-2000 (Telephone)
(512) 201-2032 (Facsimile)
bbroocks@broockslawfirm.com
*Attorney for Appellants*

## <u>CERTIFICATE OF SERVICE</u>

On January 25, 2023, a true and correct copy of the foregoing was filed with

the electronic filing (ECF) system of the U.S. Court of Appeals for the Fifth Circuit,

which currently provides electronic service on the counsel of record.

*/s/ Ben C Broocks*
Ben C Broocks

## CERTIFICATE OF COMPLIANCE

1.      This motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2) because this motion contains 457 words.

2.      This motion complies with the typeface requirements of FED. R. APP. P. 27(d)(1)(E) and the type style requirements of FED. R. APP. P. 32(a)(5), (6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman font, size 14.

*/s/ Ben C Broocks*
Ben C Broocks